Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Ricardo Serrano González<br><br>    Recurrente<br><br>    vs.<br><br>Departamento de Corrección y Rehabilitación<br><br>    Recurrida | KLRA202400493 | **REVISIÓN ADMINISTRATIVA** procedente del Departamento de Corrección y Rehabilitación<br><br>Querella Núm.: 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<br><br>Confinado Núm.: P676-29214<br><br>Sobre: |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de septiembre de 2024.

Comparece ante nos, el señor Ricardo Serrano González (Sr. Serrano González o recurrente), quien presenta recurso de revisión administrativa en el que solicita la revocación de la "Resolución" notificada el 3 de junio de 2024, por el Departamento de Corrección y Rehabilitación (DCR o recurrido). Mediante dicha determinación, el DCR encontró incurso al recurrente en los Códigos 136 y 137 del Reglamento Núm. 9221, *infra*.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, desestimamos el recurso mediante los fundamentos que expondremos a continuación.

**I.**

El 15 de abril de 2024, se presentó una Querella contra el Sr. Serrano González por incumplir con los Códigos 136 y 137 del "Reglamento para establecer el Procedimiento Disciplinario de la

Población Correccional" del 8 de octubre de 2020, Reglamento Núm. 9221. En esencia, al recurrente se le imputó negarse a someterse a una prueba de detección de sustancias controladas o alcohol, dando así un positivo administrativo. Por lo anterior, se le citó a una vista administrativa pautada para el 22 de mayo de 2024.

Celebrada la aludida audiencia, el DCR emitió "Resolución" y concluyó que la evidencia documental demostró que el Sr. Serrano González incurrió en los actos prohibidos por los Códigos 136 y 137 del Reglamento Núm. 9221, *supra*. Dicha determinación fue notificada el 3 de junio de 2024, y advirtió al recurrente de su derecho a solicitar reconsideración y/o revisión judicial.

Insatisfecho, el 17 de junio de 2024, el Sr. Serrano González sometió una solicitud de reconsideración, y alegó que: (1) la vista no se celebró conforme la reglamentación aplicable; (2) se le violó su debido proceso de ley; y (3) la determinación no está apoyada en prueba que obra en el expediente administrativo. **Del expediente no surge que el DCR haya tomado alguna determinación en su consideración**.

En descontento, el Sr. Serrano González recurre ante nos mediante escrito de revisión presentado el 27 de agosto de 2024,[1] y señala la comisión de los siguientes errores, a saber:

> *Que al MPC se le violaron los derechos a tener un procedimiento administrativo basado en el Reglamento 9221, supra, y justo reglamentariamente.*
>
> *Que hubo prejuicio en contra del MPC, ya que el examinador no tomó las medidas adecuadas para sobre guardar las interpretaciones que otros terceros pudieran dar ya que la vista fue frente a otros MPV, y eso no garantizó el proceso que pide el reglamento.*
>
> *Que la evidencia que se utilizó solo excluía al MPC del acto ya que se firma una hoja de consentimiento y no de rehúso como tratan de usar en contra del MPC ya que no existe rehúso alguno.*

---

[1] Fecha del depósito en el correo ordinario, según el ponche.

> *Que hubo prejuicio continuo, ya que la examinadora tenía una decisión formada y no era conforme al reglamento, ya que ella narró que un positivo administrativo es como un resultado a positivo a drogas, cosa que errónea.*
>
> *Que hubo prejuicio ya que el oficial no buscó la evidencia que se solicita por el examinador.*
>
> *Que la determinación no fue tomada conforme a los reglamentos vigentes.*

## II.

Los tribunales tienen la responsabilidad de examinar su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). La jurisdicción se refiere al "poder o la autoridad de un tribunal para considerar y decidir casos o controversias". *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). Los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). Por consiguiente, los foros judiciales de Puerto Rico tienen autoridad para atender cualquier causa de acción, salvo que no tengan jurisdicción sobre la materia. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).

La jurisdicción sobre la materia "se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal". J.A. Echevarría Vargas, Procedimiento Civil Puertorriqueño, [s.l.], [ed. del autor], 2010, pág. 25. "[P]ara privar a un 'tribunal de jurisdicción general' de su actividad para entender en algún asunto en particular, es necesario que así se haya dispuesto expresamente en algún estatuto o que ello surja del mismo por implicación necesaria". D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme 582 (3ra ed. 2013). La ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes:

> *(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. Beltrán Cintrón et al v. ELA et al*, 204 DPR 89, 101-102 (2020).

Si un tribunal carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom, supra*, a la pág. 660. La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40, enumera los criterios que dicho foro deberá considerar para poder decidir si atiende o no las controversias que le son planteadas. *Pueblo v. Ríos Nieves, supra*, a la pág. 274. La referida regla dispone que, al determinar si el recurso fue presentado en la etapa más oportuna para su consideración, el tribunal considerará los siguientes factores, a saber:

> *(1) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. (2) Si la situación de hechos planteada es la más indicada para el análisis del problema. (3) Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia. (4) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados. (5) **Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración**. (6) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio. (7) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.* Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.
>
> (Énfasis nuestro).

A tenor, le corresponde al foro apelativo intermedio evaluar la decisión recurrida, así como la etapa del procedimiento en que

es presentada, con el propósito de determinar si es la más apropiada para intervenir. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Así, este foro apelativo está impedido de atender recursos prematuros o tardíos, pues ambos adolecen del mismo defecto insubsanable: privar de jurisdicción al tribunal al cual se recurre. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Un recurso es prematuro cuando se ha presentado con relación a una determinación que aún no ha sido finalmente resuelta. *Íd.* O sea, es aquel que se presenta en la secretaría de un tribunal apelativo antes de que este adquiera jurisdicción. *Pueblo v. Ríos Nieves*, *supra*, a la pág. 274. En cambio, un recurso tardío es el que se presenta luego de transcurrido el término dispuesto para recurrir. *Yumac Home v. Empresas Massó*, *supra*, a la pág. 107. Ahora bien, las consecuencias de uno y otro son distintas. Un recurso desestimado por tardío priva fatalmente a la parte de presentarlo nuevamente. *Íd.* Sin embargo, un recurso desestimado por prematuro le permite a la parte volver a presentarlo cuando el foro apelado resuelva lo que tenía ante su consideración. *Íd.* En sintonía con lo anterior, el Tribunal de Apelaciones puede desestimar *motu proprio* un recurso por falta de jurisdicción.

### III.

Según revela el tracto procesal discutido, el DCR emitió "Resolución" en la que concluyó que el Sr. Serrano González incurrió en los actos prohibidos por los Códigos 136 y 137 del Reglamento Núm. 9221, *supra*.

Oportunamente, el **17 de junio de 2024**, el Sr. Serrano González sometió una solicitud de reconsideración. **Del legajo apelativo ante nos no surge que el DCR haya tomado alguna determinación en su consideración**. **En el expediente no se incluyó resolución alguna por parte de la agencia recurrida**

**mediante la cual esta última haya rechazado de plano o acogido la solicitud de reconsideración**.

No habiendo el DCR actuado sobre la solicitud de reconsideración presentada ante sí, el término para recurrir ante este Tribunal de Apelaciones comenzó a transcurrir a los 15 días de haberse presentado la solicitud, o sea, el **2 de julio de 2024**. Por ende, el recurrente tenía hasta el **1 de agosto de 2024** para presentar su recurso de revisión judicial.

Aunque el escrito del recurrente está fechado el 5 de julio de 2024, lo cierto es que, **su recurso fue recibido en la Secretaría de este foro apelativo el 27 de agosto de 2024**, **según consta en el ponche del depósito en el correo ordinario**. Por lo que, evidentemente, el recurso ante nuestra consideración se presentó luego de transcurrido el término dispuesto para recurrir. En consecuencia, estamos impedidos de atenderlo en sus méritos, pues, cónsono con el derecho antes esbozado, el recurso resulta tardío y priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz*, 209 DPR 402, 415 (2022).

## IV.

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, desestimamos el recurso presentado por el señor Ricardo Serrano González.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones